SAMUEL STREET VS. LEANDER S. DOW & WILLIAM S. BORT.

Courts of Equity recognize and protect the rights of assignees and enforce the performance of contracts in their favor.

It is a general rule that a contract cannot rest partly in writing and partly in parol. When a contract is reduced to writing all previous parol contracts relating to the same matter are merged in the written contract.

A party seeking to set aside a conveyance on the ground of fraud must be prompt in communicating it, and consistent in his notice as to the use he intends to make of it.

Bill for specific performance of a contract.

The facts, as appears by bill and answer, were, that Leander S. Dow and William Bort gave their bond to one George Harlan in the sum of $3,000, conditioned for the conveyance to Harlan or his assigns, within twenty-four hours after demand, of the S. E. quarter of sec. 6, town 8 S. range 17 west, in the State of Michigan, at any time within one year from date, provided Harlan or his assigns should previously pay the sum of $200 in such money as would be received at the Land Office for the land in question, Dow holding the possession of the premises under the preemption laws. Harlan assigned the bond to the complainant. The defendant Dow left the State so the money could not be paid or tendered him. The complainant offered it to Bort who refused it and finally paid it into the Land Office and obtained a Land Office receipt for the same in payment for the land, as described in the bond. Notice was given of the payment of the money by complainant to Bort, and a deed demanded before the expiration of the time limited in the bond. At the time the defendants executed the bond Harlan gave four notes of $50 each to defendants, which were to be endorsed by the complainant, and they were received conditionally, and Harlan was to procure the endorsement; tho' no mention of this was made in the bond. This was never done except as to one of the notes. The others were retained by the defendants and put in circulation; no offer to return them to Harlan, or Street, ever having been made by the defendants.

GREEN. & DANA for complainant.

J. S. CHIPMAN for defendants.

3rd Circuit.

Street.
vs.
Dow.

THE CHANCELLOR.—The complainant must be regarded as standing in the same situation as the original obligee of the bond would have occupied if the bond had not been assigned. Courts of Chancery recognize and protect the rights of assignees. The condition of the bond is plain and clear. On the one side the obligee of the bond, Harlan was to furnish to the said Dow two hundred dollars in money receivable at the Land Office, and Dow was at any time when required, upon a notice of twenty-four hours, to convey the lands mentioned in the bond by a good and sufficient deed. Dow being absent from the state under circumstances which led the complainant to apprehend that he intended to evade the fulfilment of the conditions of the bond the complainant actually paid and applied the two hundred dollars to the purpose particularly designated in the bond to which it was to be applied. This seems to me a substantial compliance with the condition of the bond.

The money has been applied according to the conditions of the bond itself; so far therefore as this question rests upon the bond, the condition has been performed on the part of the obligee, and he is entitled to the land in question.

It is a general rule, that a contract cannot rest partly in writing and partly in parol, but where a contract is reduced to writing, all previous parol contracts relating to the same matter are merged in the written contract.

It is attempted to be shown in this case that the defendant, Dow, was induced to deliver this bond upon a promise that the four notes executed by Harlan should be endorsed by Street, which was not done except as to one. If the defendant had at the time and before he had put the notes in circulation, insisted at once upon returning the notes and receding from the contract upon this promise unless they were endorsed he would have been authorized to have done so.

But having actually used and put these notes in circulation and permitting the bond to stand, he must be considered as having waived this right. He cannot affirm and satisfy the contract by using the notes received, and at the same time disaffirm it. He must adopt one course or the other.

A party seeking to set aside a conveyance on the ground of fraud

must be prompt in communicating it and consistent in his notice as to the use he intends to make of it.  3 *Pet. R.* 215.

There must be a decree for a conveyance according to the conditions of the bond.

Decree accordingly.